UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| ROBERT S. LOWRY | CIVIL ACTION NO. 1:05CV0275 |
|---|---|
| -vs- | JUDGE DRELL |
| DRESSER, INC. | MAGISTRATE JUDGE KIRK |

R U L I N G

Before the Court is a Motion to Remand filed by Plaintiff, Robert Lowry, on March 2, 2005 (Document No. 8). Defendant, Dresser, Inc. (hereinafter "Dresser"), opposes the Motion. The Court finds no need for oral argument. For the reasons that follow, Plaintiff's Motion to Remand is GRANTED.

BACKGROUND

This is the second episode for this case in this Court. To arrive at a decision here, a brief review of the episode is necessary. The original case bears docket number 03-1941. The following discussion includes numerical references to that docket number.

Robert Lowry, a Louisiana resident, first filed a petition in the Ninth Judicial District Court, Rapides Parish, Louisiana on October 2, 2003 (Document No. 1), in which Mr. Lowry alleged that Dresser, a Delaware domiciled company,

violated Louisiana state statutes prohibiting age discrimination in employment. Mr. Lowry also alleged that Richard Fentem, the chief executive officer of the Dresser plant in Pineville, Louisiana, and Kurt Hensley, the director of manufacturing at the Dresser plant, both residents of Louisiana, were liable for aiding and abetting Dresser's discriminatory practices. Plaintiff expressly stated that he made no claims under applicable federal laws.

Dresser removed the Petition to the United States District Court for the Western District of Louisiana, Alexandria Division on October 20, 2003 on the basis of diversity jurisdiction (Document No. 4). Dresser contended that Mr. Lowry fraudulently joined Mr. Fentem and Mr. Hensley as defendants to preclude removal to federal court on the basis of diversity. In response, Mr. Lowry filed a Motion to Remand on November 12, 2003 (Document No. 14).

On April 28, 2004, the Court granted Plaintiff's Motion to Remand (Document No. 33), concluding that Louisiana law was ambiguous about whether Mr. Lowry could sustain an action for individual liability against Messrs. Fentem and Hensley. The Court found that Dresser was unable to satisfy its heavy burden of proof to show that the Louisiana residents had been joined fraudulently.

Upon remand, Dresser filed exceptions, arguing that Louisiana law prohibited Plaintiff from maintaining a cause of action for employment discrimination against individual defendants. After the trial court overruled the exceptions, the Louisiana Third Circuit Court of Appeal found that Louisiana law

does not permit Plaintiff's cause of action. The Court dismissed Messers. Fentem and Hensley.[1]

Dresser filed a second Notice of Removal to this Court seven days later, on February 9, 2005, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332 (Document No. 3), removing the case again for our consideration. The removal action generated a new suit, docket number 05-0275. In this second Notice of Removal, Dresser asserts that the Third Circuit Court of Appeal's dismissal of Mr. Fentem and Mr. Hensley as defendants conclusively established that the state trial court never possessed subject matter jurisdiction over Mr. Fentem and Mr. Hensley and, therefore, that they were fraudulently joined (Document No. 3). Dresser contends that because Messers. Fentem and Hensley were fraudulently joined and because Dresser filed its second Removal within thirty (30) days after the dismissal of the non-diverse defendants, the Notice is made in a timely manner and the case should be permitted to remain in federal court. Based upon the notion of equitable extension, Dresser considers its second Notice of Removal to be timely even though it was filed sixteen months after the case commenced.

## LAW AND ANALYSIS

When a case becomes removable on the basis of diversity of citizenship, the defendant must remove, if at all, within thirty (30) days after receipt of "a copy of an amended pleading, motion, order or other paper from which it may be

---

[1] See Lowry v. Dresser, 04-1196 (La. App. 3 Cir. 2/2/05); 893 So. 2d 966.

3

first ascertained that the case is one which is or has become removable," except that a case must be removed, if at all, within one year of the action's commencement. 28 U.S.C. § 1446(b).

Although the statute clearly states that a case may not be removed if more than one year has elapsed since the original petition was filed, the Fifth Circuit has recognized an equitable exception to the one-year limitation. Tedford v. Warner-Lambert Co., 327 F.3d 423, 424 (5th Cir. 2003). Defendant Dresser requests that the Court apply the Tedford exception and deny Plaintiff's Motion to Remand even though more than one year has elapsed since the suit was filed. The Court declines the opportunity to do so.

The facts of the Lowry-Dresser action are clearly distinguishable from those presented to the Fifth Circuit in Tedford. In Tedford, the plaintiff originally asserted claims against two defendants, Warner-Lambert Co. and a non-diverse physician. Id. at 423. Warner-Lambert removed the suit, asserting that the physician, who had not treated Tedford, was not a proper defendant. Id. Knowing that the removal would be successful, Tedford immediately amended her petition to name her treating physician as a non-diverse defendant. Id. Prior to the one-year anniversary of the suit's filing and without conducting any discovery, Tedford agreed to non-suit her treating physician. Id. Tedford, however, post-dated the non-suit with a date falling beyond the one year anniversary and failed to notify Warner-Lambert of the non-suit until after the one-year anniversary had expired. Id. After receiving notice, Warner-Lambert filed

4

a second Notice of Removal one year and ten days after the suit had originally been filed. Id. Warner-Lambert asserted that as a result of Tedford's blatant forum manipulation, the court should recognize an equitable exception to the one-year limitations period. Id.

In Tedford, the Fifth Circuit stated that the one year time limitation is not inflexible because a strict application of the one-year rule would encourage plaintiffs to purposefully add non-diverse defendants against whom they could not maintain a cause of action merely for the purpose of defeating diversity jurisdiction. Id. at 427. To discourage plaintiffs from improperly naming defendants, the Court recognized that a litigant's abusive behavior may create a situation in which equitable tolling of the one-year limitations period is appropriate. Id. The abusive behaviors that the Court identified included: (1) Tedford's assertion of an unsupportable cause of action against a non-diverse defendant; (2) Plaintiff's amended complaint that added her treating physician as a defendant *after* learning of Defendant's intention to remove the case; (3) Tedford's failure to inform Warner-Lambert of the non-suit until after the one-year anniversary; and (4) Plaintiff's act to post-date the Notice of Non-Suit so that the action appeared to have occurred after the limitations period had expired. Id. at 427-28. In deciding to apply an equitable exception, the Court also noted that Warner-Lambert consistently sought to remove the case each time removal appeared to be appropriate. Id. at 428. On the bases listed above, the Court

5

concluded that equity required the one-year limitations period to be extended. Id. at 428-29.

Despite the Court's recognition of an equitable extension doctrine, the general rule in diversity cases is that courts should strictly construe removal jurisdiction. Frank v. Bear Stearns & Co., 128 F.3d 919 (5th Cir. 1997). The general rule will prevail in this case. Although Dresser consistently has attempted to remove this case whenever it appeared to be appropriate to do so, the Court does not find that the Plaintiff's initial inclusion of the non-diverse defendants reflects an abuse of the one-year rule sufficient to merit the application of the equitable extension doctrine. Unlike the Tedford plaintiff who asserted clearly unsustainable claims against non-diverse defendants for the sole purpose of avoiding removal to federal court, until the Third Circuit dismissed Messrs. Fentem and Hensley, Mr. Lowry's claims against Mr. Fentem and Mr. Hensley could arguably have been meritorious. As this Court observed in its April 22, 2004 ruling on Plaintiff's Motion for Remand, whether Mr. Lowry could sustain a claim against individuals was unclear under Louisiana law and the Court was "unable to say that Mr. Lowry had *no possibility* of recovery against Mr. Fentem and/or Mr. Hensley." The Court's inability to determine at that time whether Plaintiff might recover against Mr. Fentem and/or Mr. Henley indicated that Mr. Lowry's claims were not clearly frivolous and may have been added for reasons other than to defeat any removal action by the Dresser. The Court finds that the

marked difference in the potential legitimacy of the claims against non-diverse defendants is sufficient to distinguish the present action from Tedford.[2]

Because Louisiana law was inconclusive as to whether Mr. Lowry could successfully sue individual defendants in an employment discrimination action, and despite Mr. Macmurdo's comments on his litigation strategy before the state appeals court, the Court does not find that Mr. Lowry included Messrs. Fentem and Hensley for the sole purpose of avoiding litigation in federal court and therefore the Court does not consider his behavior to be abusive. As a result, the general rule of strict statutory construction must be applied and the one-year limitations period will not be equitably extended on these facts to allow Dresser to remove the case sixteen months after it was originally filed.

## CONCLUSION

For the reasons set forth above, the Motion to Remand is GRANTED, and the suit is REMANDED to the Ninth Judicial District Court, Rapides Parish, Louisiana.

SIGNED on this 14th day of September, 2005, at Alexandria, Louisiana

Dee D. Drell
United States District Judge

---

[2] The Court considers Mr. Lowry's Motion for Remand more factually analogous to that presented before the court in the nonprecedential opinion Thomas v. Exxon Mobile Corp., 2003 WL 22533677 (E.D. La. Nov. 5, 2004)(unpublished decision). In Thomas, the Court also declined to apply the Tedford extension, citing a need for strict statutory construction and Plaintiff's good faith in filing claims against non-diverse defendants.

7